UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAGDALENA KULISZ; SHAHAR KENAN, individually and d/b/a MISS IMMIGRANT USA, a civic, cultural, and immigrant-identity initiative, and on behalf of others similarly situated,<br><br>              Plaintiffs,<br><br>          -against-<br><br>THE CITY OF NEW YORK; NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, by and through its ADULT PROTECTIVE SERVICES ("APS") PROGRAM; NEW YORK STATE UNIFIED COURT SYSTEM; NEW YORK STATE OFFICE OF COURT ADMINISTRATION; HON. JOSEPH ZAYAS, in his official capacity as Chief Administrative Judge of the Courts of New York State; HON. DANIELLE CHINEA, in her official capacity as a Housing Court Judge of the Civil Court of the City of New York, New York Country; JOHN/JANE DOE ADA COORDINATORS 1-10; JOHN/JANE DOE APS SUPERVISORS 1-10; JOHN/JANE DOE COURT CLERKS AND ADMINISTRATORS 1-10,<br><br>              Defendants. | 25-CV-10303 (JMF)<br><br>ORDER |

JESSE M. FURMAN, United States District Judge:

Plaintiffs Magdalena Kulisz and Shahar Kenan, who are appearing without counsel, bring

this action under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and 42

U.S.C. § 1983, alleging that Defendants violated their rights when they discriminated against

them based on their disabilities with respect to accessing proceedings in the Housing Court of the

City of New York ("Housing Court"). Plaintiffs filed an Emergency Motion for a Temporary

Restraining Order, ECF No. 9, in which they seek, among other preliminary relief, an order

halting their eviction, which attached documents indicate could occur as early as December 19, 2025, as well as a stay of eviction-related proceedings pending resolution by the Housing Court of their requests for reasonable accommodations pursuant to the ADA.

**To preserve the Court's jurisdiction pending a ruling on Plaintiffs' request for a temporary restraining order, the Court ORDERS Defendants to take all necessary actions to temporarily stay Plaintiffs' warrant of eviction until the Court orders otherwise.** *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction" (cleaned up)); *see also United States v. Texas*, 144 S. Ct. 797, 798 (Mem) (Mar, 19, 2024) ("Administrative stays do not typically reflect the court's consideration of the merits of the stay application. Rather, they 'freeze legal proceedings until the court can rule on a party's request for expedited relief.'" (citation omitted)).

Further, it is hereby ORDERED that Plaintiffs and the Office of the New York Attorney General of New York State (as counsel for Defendants New York State Unified Court System, New York State Office of Court Administration, and Judges Chinea and Zayas in their official capacities) and the New York City Law Department (as counsel for Defendant City of New York) shall appear for a conference with the Court on **December 19, 2025**, at **11:00 a.m.**  The conference will be held remotely by telephone.  The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound (#) key again.  All parties must familiarize themselves with the Court's Individual Rules and Practices in Civil Pro Se Cases, which are attached to this Order and available at

https://nysd.uscourts.gov/judge/Furman.  All counsel are required to register promptly as filing users on ECF.  Parties should be prepared to discuss:

- Whether this Court has jurisdiction to enter a temporary restraining order while state-court eviction proceedings are ongoing.

- Whether and when Plaintiffs submitted a request for accommodation to appear remotely in Housing Court proceedings and the status of any such request.

- Whether Plaintiffs are permitted to electronically submit an appeal of the warrant of eviction in the Housing Court.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

The Court encourages Plaintiffs to consent to receive court documents by email by completing the attached form, Consent to Electronic Service. If Plaintiffs consent to receive documents by email, Plaintiffs will no longer receive court documents by regular mail.

**The Clerk of Court is directed to transmit a copy of this Order to the New York State Attorney General's Office by email to mao.mailbox@ag.ny.gov, and overnight mail to 28 Liberty Street, New York, NY 10005, and to the New York City Office of Corporation Counsel by email to pfarrell@law.nyc.gov, and overnight mail to 100 Church Street, New York, N.Y. 10007.  The Clerk of Court is further directed to send a copy of this Order to**

**Plaintiffs by email to <u>missimmigrantusa@gmail.com</u> and overnight mail to their addresses**

**of record.**

SO ORDERED.

Dated:   December 18, 2025
         New York, New York

JESSE M. FURMAN
United States District Judge

Revised: January 2, 2025

**INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES**
**Jesse M. Furman, United States District Judge**

***Pro Se* Office**
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 250
New York, NY 10007
(212) 805-0175
prose@nysd.uscourts.gov

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Furman.**

1. **Communications with Chambers**

   A. **Telephone Calls by a *Pro Se* Party.** *Pro se* parties may not call the Court directly; any questions should be directed to the *Pro Se* Office at (212) 805-0175.

   B. **Written Communications By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be in writing and delivered in person, mailed, or emailed to the *Pro Se* Office following the instructions in Paragraph 2(B) below. **No documents or court filings may be sent directly to Chambers.** Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.*, if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

   C. **Communications by Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Furman's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

   D. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court as well as any other existing deadlines. Requests for extensions of deadlines regarding a matter that

has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance.  Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

2.  **Filing of Papers and Service**

   A.  **Consent to Receive Electronic Service.**  To ensure timely service of documents, including Court Orders, non-incarcerated *pro se* parties are encouraged to consent to receive electronic service through the ECF System.  To do so, a *pro se* party should review the instructions available at https://www.nysd.uscourts.gov/sites/ default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/ default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).

   B.  **Papers Filed by a *Pro Se* Party.**  A *pro se* party may file papers with the Court by:

   i.  delivering them in person or mailing them to the *Pro Se* Office, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Room 250, New York, New York 10007;

   ii.  emailing them as an attachment in PDF format to prose@nysd.uscourts. gov, in which case the *pro se* party should follow the instructions contained in the April 1, 2020 Addendum to the Court's ECF Rules & Instructions, available at https://www.nysd.uscourts.gov /electronic-case-filing; or

   iii.  filing them on the ECF System if the *pro se* party has filed a motion to participate in ECF (available at http://nysd.uscourts.gov/file/forms/motion -for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro Se* Office) and been granted such permission by the Court.

   C.  **Service on a *Pro Se* Party.**  Absent a *pro se* party consenting to receipt of electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service.  Submissions filed without proof of service that the *pro se* party was served will not be considered.

2

3. **Discovery**

All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought.  Discovery requests should not be sent to the Court.

If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention.  If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference.  If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

4. **Motions**

A. **Filing and Service.**  Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

B. **Memoranda of Law.**  The formatting and length of motion papers must conform to Local Civil Rule 7.1 (or, in the case of a motion for reconsideration, Local Civil Rule 6.3).  As set forth in Local Civil Rule 7.1(c): If filed by an attorney or prepared with a computer, briefs in support of and in response to a motion (except for motions for reconsideration) may not exceed 8,750 words, and reply briefs may not exceed 3,500 words; if filed by a party who is not represented by an attorney and handwritten or prepared with a typewriter, briefs in support of and in response to a motion may not exceed 25 pages, and reply briefs may not exceed 10 pages.  These limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material contained in footnotes or endnotes.  If a brief is filed by an attorney or prepared with a computer, it must include a certificate by the attorney, or party who is not represented by an attorney, that the document complies with the word-count limitations.  The person preparing the certificate may rely on the word count of the word-processing program used to prepare the document.  The certificate must state the number of words in the document.

C. *Pro Se* **Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of whichever notices are required under Local Civil Rules 12.1 and 56.2.

D. **Special Rule for Summary Judgment Motions.**  With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

3

E.  **No Courtesy Copies.**  Unless the Court orders otherwise, parties should **<u>not</u>** submit courtesy hard copies of any submissions in *pro se* cases.

F.  **Oral Argument.**  Unless otherwise ordered by the Court, oral argument will not be heard in *pro se* matters.

5.  **Initial Case Management Conference**

Absent a motion to dismiss, the Court will generally schedule an initial case management conference within four months of the filing of the complaint.  The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the *pro se* party or parties. Unless and until the Court orders otherwise, the conference will be held remotely by telephone using the Court's dedicated conference line, which can be access by calling (855) 244-8681 and then entering Access Code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound key again.  If any party wishes for the conference to be conducted in person or by videoconference, he or she should confer with all other parties and promptly file a letter-motion to that effect with the Court.  The parties should consult the relevant scheduling order for additional information and guidance.

6.  **Trial Documents**

A.  **Pretrial Statement.**  Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff.  If *pro se*, the plaintiff shall file an original of this Statement with the *Pro Se* Office.  Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

B.  **Other Pretrial Filings.**  If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement.  If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement.  At the time of filing, a represented party should e-mail these documents to the Court

4

(Furman_NYSDChambers@nysd. uscourts.gov), in both PDF and Microsoft Word formats.  The *pro se* party may file such documents, but is not required to do so and need not submit them by e- mail.


7. ***Pro Se* Clinic**

There is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers.  The Clinic may be able to provide a *pro se* litigant with advice in connection with his or her case.  The *Pro Se* Law Clinic is run by a private organization; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit).  To receive limited-scope assistance from the clinic, a *pro se* litigant should make an appointment by completing the online intake form, located at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. If a *pro se* litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the Clinic can be contacted by phone at (212) 382-4794 or email at fedprosdny@nycbar.org.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City                    State                   Zip Code

_____
Telephone Number                    E-mail Address

_____
Date                                Signature

| **Click Here to Save** |