UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MAGDALENA KULISZ et al.,                                               :
                                                                       :
                                    Plaintiffs,                        :
                                                                       :                    25-CV-10303 (JMF)
                  -v-                                                  :
                                                                       :                         ORDER
THE CITY OF NEW YORK et al.,                                           :
                                                                       :
                                    Defendants.                        :
                                                                       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Earlier today, the Court granted Plaintiffs' request for an expedited remote hearing on their emergency motion for a Temporary Restraining Order ("TRO") and scheduled a telephone hearing for tomorrow at 11 a.m.  *See* ECF No. 14, at 2.  Thereafter, Plaintiffs sent an email to Chambers — a copy of which is attached — requesting that the Court excuse their appearance at the conference.  In the meantime, and for related reasons, the Court has been endeavoring to find counsel who would be willing to represent Plaintiffs *pro bono* (and will be entering an order to that effect in due course).  In light of these developments, the telephone conference previously scheduled for tomorrow is hereby ADJOURNED to **December 22, 2025, at 3:00 p.m.**  The Court reserves judgment for now on Plaintiffs' request not to appear at the conference.  **Further, Defendants are hereby ORDERED to file letters with the Court, no later than December 19, 2025, addressing Plaintiffs' request for a TRO and proposing next steps in this matter.**

      In light of Plaintiffs' consent to receive electronic service, *see* ECF Nos. 16-17, and their motions for permission to participate in the ECF system, *see* ECF Nos. 18-19, which the Court has granted separately, there is no need to mail this Order to Plaintiffs.  **The Clerk of Court is directed to email it to the New York State Attorney General's Office at the following address: mao.mailbox@ag.ny.gov,**

      SO ORDERED.

Dated: December 18, 2025
      New York, New York
                                          JESSE M. FURMAN
                                    United States District Judge

 Outlook

## Re: Order in 25-cv-10303

| | |
|---|---|
| **From** | Miss Immigrant USA <missimmigrantusa@gmail.com> |
| **Date** | Thu 12/18/2025 2:41 PM |
| **To** | Furman NYSD Chambers <Furman_NYSDChambers@nysd.uscourts.gov> |
| **Cc** | Miss Immigrant USA <missimmigrantusa@gmail.com> |

📎 1 attachment (118 KB)
ADA Request - 1_25-cv-10303.pdf;

**CAUTION - EXTERNAL:**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

Re: *Kulisz et al. v. City of New York, et al.*,
Case No. **1:25-cv-10303 (SDNY)**
**Request for ADA Accommodation and to Excuse Appearance at December 19, 2025 Conference**

Dear Judge Furman and Chambers:

Plaintiffs **Magdalena Kulisz and Shahar Kenan**, proceeding pro se, respectfully write to request a reasonable accommodation under **Title II of the ADA** and **Section 504 of the Rehabilitation Act**.

Plaintiffs are currently experiencing acute psychiatric distress related to ongoing eviction proceedings, multiple municipal enforcement matters, and longstanding trauma. As a result, Plaintiffs are not able to safely participate in a live conference without risk of decompensation. Plaintiffs therefore respectfully request that the Court excuse their appearance at the December 19, 2025 conference and permit the matter to proceed on the papers already submitted, or alternatively allow Plaintiffs to submit any responses in writing.

In addition, Plaintiffs respectfully advise the Court that they do not have access to a working telephone line at this time. Plaintiffs' phone service has been disconnected for several months due to severe financial hardship. Accordingly, participation in a telephone-only conference is not accessible to Plaintiffs.

Plaintiffs further note that Defendants have filed a marshal's eviction request in Housing Court without prior notice to Plaintiffs, and Plaintiffs are currently surrounded by packed belongings in anticipation of imminent eviction. Plaintiffs have been largely socially isolated for an extended period due to trauma and instability, which has compounded their current psychiatric distress.

Finally, Plaintiffs respectfully note that their primary spoken languages are Polish and Hebrew, and if oral participation is required at any stage, Plaintiffs would require a qualified interpreter as a reasonable accommodation.

Plaintiffs submit this request in good faith, solely to protect their health and safety and to ensure meaningful access to these proceedings. Plaintiffs have previously submitted a Request for Reasonable Accommodation in this action, which is incorporated by reference.

Respectfully submitted,

/s/ Magdalena Kulisz
**Magdalena Kulisz**, Pro Se Plaintiff

/s/ Shahar Kenan
**Shahar Kenan**, Pro Se Plaintiff

Email: missimmigrantusa@gmail.com
Dated: **December 18, 2025**

On Thu, Dec 18, 2025 at 12:11 PM Furman NYSD Chambers <Furman_NYSDChambers@nysd.uscourts.gov> wrote:

> Good afternoon,
>
> Please find attached the Order just docketed in this case.
>
>
>
> **Chambers of the Hon. Jesse M. Furman**
>
> United States District Court
>
> Southern District of New York
>
> 40 Centre Street, Room 2202
>
> New York, NY 10007
>
> Email: Furman_NYSDChambers@nysd.uscourts.gov
>
> Office: 212-805-0282

--

**With Love & Healing,**
**Magdalena & Sha**
Founders, Miss Immigrant USA
- A Cultural & Civic Movement Reclaiming "Immigrant" as Identity

🌎 www.MissImmigrantUSA.com
📞 (+1) 347 435 8690
📧 MissImmigrantUSA@gmail.com
📍 209 East 83rd Street, New York, NY 10028

■ **MISS IMMIGRANT USA — EMAIL DISCLAIMER © Miss Immigrant USA — All Rights Reserved** 209 East 83rd Street, #1, New York, NY

10028 | [missimmigrantusa.com](missimmigrantusa.com)

**Legal & Confidentiality Notice**

This message is for informational and public-interest purposes connected to the activities of *Miss Immigrant USA* and may contain proprietary or case-related content. Unauthorized copying, distribution, or disclosure of any portion of this email or its attachments is prohibited. If you received this email in error, please notify the sender and delete all copies.

**No Legal Advice**

Miss Immigrant USA and its founders act as self-represented parties in ongoing matters. Nothing in this message constitutes legal advice or creates an attorney-client relationship.

**Non-Endorsement**

Mentions of public officials, agencies, or organizations are factual and for transparency only. They do not imply endorsement or affiliation.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MAGDALENA KULISZ and SHAHAR KENAN,**
individually and on behalf of **MISS IMMIGRANT USA**
and all others similarly situated,
Plaintiffs,

v.

**THE CITY OF NEW YORK, et al.,**
Defendants.

Case No. **1:25-cv-10303 (SDNY)**

## REQUEST FOR REASONABLE ACCOMMODATION
*(28 U.S.C. § 1746 Declarations in Lieu of Notarized Affidavits)*

To: **Clerk of Court, Disability Access Coordinator, and Court Administration**

Plaintiffs Magdalena Kulisz and Shahar Kenan, appearing pro se, respectfully submit this Request for Reasonable Accommodation to ensure meaningful access to the Court and to its filing and verification procedures.

This request is made pursuant to **Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794**, which prohibits disability-based exclusion or denial of benefits by federally funded public entities, including the federal courts, and pursuant to the Court's established disability access policies.

---

## I. Accommodation Requested

Plaintiffs respectfully request that the Court **permit and accept unsworn declarations executed under penalty of perjury pursuant to 28 U.S.C. § 1746 in lieu of notarized affidavits** for Plaintiffs' factual statements, verifications, and supporting submissions in this action, unless the Court expressly orders otherwise with respect to a particular filing.

1

Where applicable and consistent with Court procedures, Plaintiffs further request that administrative or procedural interactions that would otherwise require in-person attendance be handled through **written, electronic, or remote means**, as deemed appropriate by the Court.

## II. Disability-Related Basis for the Accommodation

Both Plaintiffs have **documented mental-health disabilities and trauma-related functional impairments** that substantially limit their ability to safely engage in in-person interactions with unfamiliar officials in institutional settings, including notarization services.

These impairments include acute anxiety, panic responses, dissociation, and related physical symptoms triggered by such interactions. In-person notarization has previously caused destabilizing episodes and presents a genuine safety risk, making compliance with notarization requirements a substantial barrier to Plaintiffs' access to the judicial process.

Plaintiffs are domestic partners and co-caregivers who reside together and rely on one another for essential daily functioning and emotional stability. When one Plaintiff experiences symptom escalation, the other is directly and materially affected, compounding the functional limitation.

In support of this request, Plaintiffs attach limited documentation confirming the existence of their disabilities and prior approval of similar accommodations, submitted solely to assist the Court in evaluating this access request.

## III. Legal Basis and Reasonableness of the Request

Under **Section 504 of the Rehabilitation Act** and its implementing regulations, covered entities must provide reasonable modifications to policies and practices when necessary to avoid disability-based exclusion, unless doing so would fundamentally alter the nature of the service or impose undue burden.

Acceptance of declarations under 28 U.S.C. § 1746 is a well-established, reliability-preserving alternative to notarized affidavits. Such declarations carry the same legal force through penalty of perjury, while eliminating the in-person barrier that Plaintiffs' disabilities make unsafe.

This accommodation is narrowly tailored, procedural in nature, and does not alter evidentiary standards, burden of proof, or the Court's authority to assess credibility and weight.

2

## IV. No Prejudice to Defendants

Defendants suffer no prejudice from this accommodation. All factual submissions by Plaintiffs will remain sworn under federal law and subject to sanctions for false statements. Defendants retain all rights to challenge the sufficiency, admissibility, and credibility of Plaintiffs' evidence in the ordinary course.

## V. Relief Requested

Plaintiffs respectfully request that the Court:

1. Grant this Request for Reasonable Accommodation;

2. Accept Plaintiffs' unsworn declarations under 28 U.S.C. § 1746 in lieu of notarized affidavits for Plaintiffs' filings and supporting factual statements in this action, unless otherwise ordered; and

3. Where feasible and consistent with Court procedures, permit non-in-person administrative alternatives necessary to ensure meaningful access.

Exhibits

Exhibit A — Medical Documentation (Confidential)
Exhibit B — Prior Approval of ADA Accommodation

Dated: New York, New York
 December 18, 2025

Respectfully submitted,

**Shahar Kenan**
 Plaintiff, Pro Se

**Magdalena Kulisz**
 Plaintiff, Pro Se

3