UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGDALENA KULISZ; SHAHAR KENAN,
individually and d/b/a MISS IMMIGRANT
USA, a civic, cultural, and immigrant-identity
initiative, and on behalf of others similarly
situated

                        Plaintiffs,

              -against-

THE CITY OF NEW YORK; NEW YORK
CITY HUMAN RESOURCES
ADMINISTRATION, by and through its ADULT
PROTECTIVE SERVICES ("APS")
PROGRAM; NEW YORK STATE UNIFIED
COURT SYSTEM; NEW YORK STATE
OFFICE OF COURT ADMINISTRATION;
HON. JOSEPH ZAYAS, in his official capacity
as Chief Administrative Judge of the Courts of
New York State; HON. DANIELLE CHINEA, in
her official capacity as a Housing Court Judge of
the Civil Court of the City of New York, New
York Country; JOHN/JANE DOE ADA
COORDINATORS 1-10; JOHN/JANE DOE
APS SUPERVISORS 1-10; JOHN/JANE DOE
COURT CLERKS AND ADMINISTRATORS 1-
10,

                        Defendants.

25-CV-10303 (JMF)

ORDER OF SERVICE

JESSE M. FURMAN, United States District Judge:

Plaintiffs Magdalena Kulisz and Shahar Kenan, who are appearing *pro se*, bring this action

under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and 42 U.S.C. § 1983,

alleging that Defendants violated their rights when they discriminated against them based on their

disabilities with respect to accessing proceedings in the Housing Court of the City of New York.  By

order dated December 17, 2025, the Court granted Plaintiffs' request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees.  For the reasons set forth below, the Court (1) dismisses

without prejudice any claims Plaintiffs seek to assert on behalf of Miss Immigrant USA and denies

their request to proceed with this action as a class action; (2) dismisses their claims against the New York City Human Resources Administration and Adult Protective Services; and (3) directs service on the remaining named defendants.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

### DISCUSSION

**A.    Class action and claims on behalf of Miss Immigrant USA**

Plaintiffs Magdalena Kulisz and Shahar Kenan, both of whom signed the complaint, indicate in the caption to the complaint that they are bringing claims on their own behalf and on behalf of Miss Immigrant USA.  ECF 1, at 1.  They also seek to bring this action as a class action. *Id.*  As nonlawyers, however, Plaintiffs can only represent their own interests.  *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal

2

quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d

Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted

to the practice of law by a governmental regulatory body, and that by a person representing

himself'"). Furthermore, a nonlawyer *pro se* plaintiff cannot act as a class representative and bring a

class action. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (summary

order) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). The Court therefore dismisses

without prejudice any claims Plaintiffs are asserting on behalf of Miss Immigrant USA, and denies

their request to proceed with this action as a class action.

**B.    Claims against agencies of the City of New York**

Plaintiff's claims against the New York City Human Resources Administrative and Adult

Protective Services must be dismissed because an agency of the City of New York is not an entity

that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of

penalties for the violation of any law shall be brought in the name of the city of New York and not

in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478

F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396

(S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). In light of

Plaintiffs' *pro se* status, the Court will construe any allegations against these agencies as being

asserted against the City of New York, which is also a named defendant in this action.

**C.    Service on remaining named defendants[1]**

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on

---

[1]     Plaintiffs also name as defendants ten John/Jane ADA Coordinators, ten John/Jane Doe Adult Protective Services Supervisors, and ten John/Jane Doe Court Clerks and Administrators. *Pro se* litigants are entitled to assistance from the court in identifying defendants. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). However, because the complaint does not provide sufficient detail about the Doe defendants, the Court declines to issue a *Valentin* order as to these defendants at this time.

the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiffs to effect service on Defendants City of New York, the New York State Unified Court System, the New York State Office of Court Administration, Chief Administrative Judge Joseph Zayas, and Housing Court Judge Daniele Chinea of the Civil Court of the City of New York, New York County, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiffs must notify the Court in writing if their address changes, and the Court may dismiss the action if they fail to do so.

## CONCLUSION

The Court dismisses without prejudice any claims Plaintiffs are asserting on behalf of Miss Immigrant USA and denies their request to proceed with this action as a class action.

---

[2]    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

The Court also dismisses Plaintiffs' claims against the New York City Human Resources Administrative and Adult Protective Services for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to issue summonses for Defendants City of New York, the New York State Unified Court System, the New York State Office of Court Administration, Chief Administrative Judge Joseph Zayas, and Housing Court Judge Danielle Chinea of the Civil Court of the City of New York, New York County, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court also directs the Clerk of Court to send an information package to Plaintiffs.

Plaintiffs may receive court documents by email by completing the attached form, Consent to Electronic Service. If Plaintiffs consent to receive documents by email, Plaintiffs will no longer receive court documents by regular mail.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 18, 2025
          New York, New York

_____
JESSE M. FURMAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. The City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. New York State Unified Court System
   25 Beaver Street
   New York, NY 10004

3. New York State Office of Court Administration
   25 Beaver Street
   New York, NY 10004

4. Chief Administrative Judge Joseph Zayas
   25 Beaver Street
   New York, NY 10004

5. Judge Daniele Chinea
   111 Center Street
   New York, NY 10013