UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGDALENA KULISZ et al.,

               Plaintiffs,

-v-

THE CITY OF NEW YORK et al.,

               Defendants.

25-CV-10303 (JMF)

ORDER GRANTING FULL SCOPE
PRO BONO COUNSEL

Jesse M. Furman, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance for the purpose of litigating Plaintiffs' claims, including their emergency request for a temporary restraining order in the above-captioned action.  If the Clerk is able to locate counsel willing to take the case, counsel will file a Notice of Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant.  *Id.*  Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those

litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  802 F.2d at 61-62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*.  The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously."  *Id.* at 60-61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiffs filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted.  *See* ECF No. 2.  Plaintiffs therefore qualify as indigent.

In their complaint, Plaintiffs assert claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and 42 U.S.C. § 1983, alleging that Defendants violated their rights when they discriminated against them based on their disabilities with respect to accessing proceedings in the Housing Court of the City of New York ("Housing Court").  The Court finds

2

that Plaintiffs' claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62.  The Court finds that the other *Hodge* factors also weigh in favor of appointing pro bono counsel.  In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiffs' case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiffs in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiffs or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Court exercises its discretion and directs the Clerk of Court to seek pro bono counsel.  The Court advises Plaintiffs that the process for securing pro bono representation can be lengthy.  The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiffs to discuss representation.  For all these reasons, some time may pass before a litigant is contacted by an attorney.  The Court requests that the Plaintiffs respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation.  As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another.  Unless and until counsel enters a notice of appearance, Plaintiffs remain pro se and should be prepared to proceed with the case pro se.

3

**Plaintiffs should promptly advise the Court if they have an objection to the Court seeking pro bono representation.**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

As Plaintiffs previously consented to receive electronic notice via the ECF system, *see* ECF Nos. 16,17, there is no need to mail a copy of this Order to Plaintiffs.

SO ORDERED.

Dated:    December 19, 2025
          New York, New York

_____
Jesse M. Furman
United States District Judge

4