UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                      :

MAGDALENA KULISZ et al.,               :

                :

           Plaintiffs,,        :

                :        25-CV-10303 (JMF)

      -v-              :

                :          ORDER

THE CITY OF NEW YORK et al.,        :

                :

           Defendants.     :

                :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On December 19, 2025, counsel for the New York State Office of Court Administration ("OCA") filed a letter-motion, ECF No. 27, requesting that the conference scheduled for **today at 3:00 p.m.** be adjourned to January 2, 2026.  In the letter, OCA represents that execution of the eviction warrant against Plaintiffs is effectively stayed until January 5, 2026, due to applicable regulations and the holiday "eviction moratorium."  *See id.*

The application to adjourn the conference is DENIED.  At the conference today, the parties should be prepared to discuss whether the Court should (consistent with OCA's letter-motion) schedule another status conference for the morning of January 5, 2026, and, if so, whether the administrative stay should remain in effect until that date.[1]

Plaintiffs requested an "expedited hearing" in their motion for a TRO, ECF No. 9, at 7, and separately requested as a reasonable accommodation for the alleged disabilities that they be permitted to participate in proceedings remotely, *see* ECF No. 20, at 6.  The Court granted those requests and scheduled an expedited telephonic hearing.  *See* ECF No. 14, at 2.  Plaintiffs then,

---

[1]    The Court is unavailable on January 2, 2026, the date that OCA proposed.

for the first time, indicated that they were unable to participate in a conference via telephone and asked to be excused on that basis.  *See* ECF No. 20, at 2.  The Court is skeptical of Plaintiffs' claims, not the least because they have filed various papers listing telephone numbers, *see, e.g.*, ECF Nos. 16-19, and they are able to participate in the ECF system, *see* ECF Nos. 18-19.  In any event, the Court will arrange for Plaintiffs to be able to participate in the conference via the Internet if they cannot do so by telephone.  To that end, Plaintiffs may join the conference using the following link: https://us-courts.webex.com/meet/jmf_chambers.  If Plaintiffs do not join the conference despite these accommodations, the Court will consider the arguments they have made to date in writing.

Finally, Plaintiffs previously stated that "their primary spoken languages are Polish and Hebrew, and if oral participation is required at any stage, Plaintiffs would require a qualified interpreter as a reasonable accommodation."  ECF No. 20, at 3.  Once again, the Court is skeptical given Plaintiffs' ability to communicate in English in their filings and the reference in Plaintiff Kenan's medical records to his employment as a lawyer and ability to speak English.  In any event, the Court must and does DENY Plaintiffs' request because parties in civil cases are responsible for arranging their own interpretation.  *See* https://nysd.uscourts.gov/node/890.

The Clerk of Court is directed to terminate ECF No. 27.

SO ORDERED.

Dated:  December 22, 2025
      New York, New York

JESSE M. FURMAN
United States District Judge

2