**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

MAGDALENA KULISZ and SHAHAR KENAN,

individually and on behalf of MISS IMMIGRANT USA

and all others similarly situated,

Plaintiffs,

v.                                                    Case No. 1:25-cv-10303 (SDNY)

THE CITY OF NEW YORK, et al.,

Defendants.

**PLAINTIFFS' LETTER MOTION FOR CLARIFICATION AND LIMITED RECONSIDERATION**

PURSUANT TO LOCAL CIVIL RULE 6.3
 (Relating to Certain Factual Assumptions Referenced in ECF No. 28)

1. Plaintiffs respectfully submit this letter motion pursuant to Local Civil Rule 6.3, seeking limited clarification to ensure the factual record referenced in ECF No. 28 is complete and accurate. This request does not challenge the Court's authority, reasoning, or rulings, and is confined solely to clarifying discrete factual assumptions based on the materials then before the Court.

2. Plaintiffs recognize that reconsideration is an extraordinary remedy and submit this motion with full respect for the Court's management of these proceedings.

3. The Court noted its skepticism based on the record as it appeared at the time. Plaintiffs do not dispute the Court's reliance on that record and submit the attached clarifications solely to supplement and clarify the factual circumstances regarding Plaintiffs' access to telephonic and internet services, language-related participation, and functional capacity for real-time proceedings.

1

4. First, as to telephone access, Plaintiffs clarify that although multiple telephone numbers previously existed on their Optimum Mobile account, all lines were disconnected by the carrier due to sustained nonpayment and were not operational during the relevant period. Accordingly, the historical listing of telephone numbers did not reflect usable telephonic access at the time participation was required. See Exhibit A. Plaintiffs further advise that, going forward, any telephone number listed will be expressly identified as disconnected or not operational where applicable.

5. Second, as to mental health, Plaintiffs submit sworn declarations clarifying that they have experienced documented mental-health impairments arising from prior incidents referenced in the record and materially exacerbated by ongoing housing instability. These conditions affect Plaintiffs' functional capacity for real-time oral participation, particularly under stressful or time-pressured circumstances. Plaintiffs do not seek to relitigate causation or damages in this filing; this clarification is submitted solely to ensure the Court's assessment of participation and accommodation needs reflects Plaintiffs' current functional limitations, as documented in the medical records already before the Court.

6. Third, as to the medical-record reference cited by the Court, Plaintiffs do not dispute the authenticity of those records. Plaintiffs clarify, however, that any notation regarding Plaintiff Kenan's employment or ability to speak English is administrative in nature and was not intended to assess current functional capacity, oral proficiency, or the ability to participate in real-time court proceedings, particularly under conditions of stress.

7. Fourth, as to written filings in English, Plaintiffs clarify that the preparation of written submissions is asynchronous and may involve review, revision, and assistance, and does not equate to functional proficiency in real-time oral English communication required for live proceedings.

8. Plaintiffs do not seek revision of language, findings, or credibility determinations in ECF No. 28. They respectfully request only that the Court consider these clarifications for purposes of maintaining an accurate record going forward, including in connection with any future determinations regarding participation, accommodations, or scheduling.

Dated: December 23, 2025
 New York, New York

Respectfully submitted,

/s/ Magdalena Kulisz, pro se

/s/ Shahar Kenan, pro se

Plaintiffs' clarifications are duly noted.  But to the extent Plaintiffs seek reconsideration of the Court's December 22, 2025 Order, that request is DENIED.  The Clerk of Court is directed to terminate ECF No. 28.

SO ORDERED.

January 5, 2026

3