UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                               :

MAGDALENA KULISZ et al.,                  :

                             :

              Plaintiffs,       :

                             :          25-CV-10303 (JMF)

     -v-                        :

                             :      MEMORANDUM OPINION
THE CITY OF NEW YORK et al.,       :        AND ORDER

                             :

              Defendants.     :

                             :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

As stated on the record during the teleconference held earlier today, Plaintiffs' motion for

a temporary restraining order ("TRO"), ECF No. 9, is DENIED.  It is well established that, in

order to obtain a TRO, "plaintiffs must establish that (1) they are likely to succeed on the merits;

(2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance

of equities tips in their favor; and (4) an injunction is in the public interest."  *New York v. U.S.*

*Dep't of Educ.*, 477 F. Supp. 3d 279, 293 (S.D.N.Y. 2020); *see also Geller v. de Blasio*, 613 F.

Supp. 3d 742, 746 (S.D.N.Y. 2020) (noting that the standard for determining whether to grant a

TRO is the same as that used for a preliminary injunction).  Plaintiffs fail to establish each prong:

- First, Plaintiffs fail to show that they are likely to succeed on the merits of their claims because: (1) they have not provided competent evidence of disabilities within the meaning of the Americans with Disabilities Act or other applicable federal laws that preclude them from participating in court proceedings; (2) the record provides reasons to doubt the veracity of their unsupported assertions regarding their alleged disabilities, including their involvement in nonprofit activities and the text messages they exchanged with their landlords, *see* ECF No. 36-2, ("Tapper Decl."), at 5-7; (3) Plaintiffs failed to avail themselves of the Housing Court's procedures for requesting reasonable accommodations, *see* ECF No. 42 ("OCA Letter"), at 1-2; and (4) there are serious questions about whether this Court has jurisdiction in light of, among other things, the Anti-Injunction Act, the *Rooker-Feldman* doctrine, and *Younger* abstention to hear and resolve what is, at bottom, a challenge to the state court's eviction order given that there

are several open avenues to obtain relief in the state court system.

- Second, there is no risk of immediate irreparable harm to Plaintiffs absent a TRO because Plaintiffs have until January 20, 2026, at the earliest (and likely longer than that) to pursue the remedies that are available to them in the state court system, including seeking vacatur of the default judgment or requesting accommodations from the Appellate Term to virtually file an appeal. *See* OCA Letter 2-3.

- Third, the balance of equities does not tip in Plaintiffs' favor given that, as discussed, they never made a request for reasonable accommodations through the appropriate channels in the Housing Court. By contrast, enjoining the eviction process would compound the harms to Intervenors, who have apparently not received rent in months and are being blocked from accessing the unit. *See* Tapper Decl. 1-2.

- Finally, and for similar reasons, an injunction is not in the public interest. Given Plaintiffs' failure to request reasonable accommodations via the proper channels in Housing Court (and their failure to demonstrate that those proper channels are themselves problematic), issuing a TRO enjoining further proceedings would be an unwarranted intrusion on the authority of the state court system.

In light of the Court's denial of Plaintiffs' motion for a TRO, the administrative stay entered on December 18, 2025, ECF No. 14, is hereby DISSOLVED.

One additional item remains. After the teleconference ended, Plaintiffs filed a supplemental motion for a TRO seeking to "narrow[] and clarif[y] the relief sought" against Defendant City of New York. *See* ECF No. 43, at 1. Given the Court's denial of the broader TRO Plaintiffs initially sought, the supplemental motion must be and is also DENIED. Put simply, to the extent that Plaintiffs take issue with the way in which Adult Protective Services has handled the referral in their case, they should raise the issue with the state court that made the referral in the first instance.

The Clerk of Court is directed to terminate ECF Nos. 9 and 43.

SO ORDERED.

Dated: January 5, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2