UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------------------X
MAGDALENA KULISZ and SHAHAR KENAN,

    Plaintiffs,

                         v.                          Case No. 1:25-cv-10303

NEW YORK STATE UNIFIED COURT SYSTEM;
NEW YORK STATE OFFICE OF COURT ADMINISTRATION;
HON. JOSEPH ZAYAS, solely in his official capacity;
HON. DANIELLE CHINEA, solely in her official capacity;
THE CITY OF NEW YORK;
JOHN/JANE DOES 1–10,
    Defendants.
------------------------------------------------------------------------------------------------------X

**LETTER-MOTION REQUESTING VALENTIN ASSISTANCE
TO IDENTIFY JOHN/JANE DOE DEFENDANTS 1–10**

Dear Judge Furman:

Plaintiffs Magdalena Kulisz and Shahar Kenan, proceeding pro se and in forma pauperis, respectfully request limited assistance under Valentin v. Dinkins to identify the John/Jane Doe Defendants named in Plaintiffs' Individual Amended Complaint.

The Amended Complaint names John/Jane Does 1–10 because Plaintiffs do not yet know the names of certain court-system ADA personnel, court clerks or administrators, and City/HRA/APS personnel involved in the accommodation-intake, filing-access, ADA-routing, APS communication, APS verification, and reporting failures alleged in the Amended Complaint.

Plaintiffs cannot identify these individuals without assistance because the relevant names, titles, assignments, ADA routing records, Clerk's Office communications, internal logging records, and APS personnel records are in Defendants' possession. Plaintiffs know only limited identifying

1

information, including that one Housing Court ADA Designee identified herself to Plaintiffs as "Miss Parker."

Under Valentin, courts may assist pro se litigants in identifying unknown defendants where the plaintiff has described the individuals and events sufficiently but lacks access to the internal records needed to identify them. Without limited identification assistance, Plaintiffs cannot provide the U.S. Marshals Service with sufficient information to serve the Doe Defendants.

Plaintiffs respectfully request that the Court direct the appropriate Defendants, including the City of New York and the State Court Defendants, to identify, to the extent known from their records, the names, titles, agencies/offices, and service addresses, or to state whether counsel will accept service on behalf of such individuals at an institutional or counsel address, of the personnel involved in the following events:

1. Receiving, reviewing, routing, logging, or responding to Plaintiffs' September 15, 2025 ADA accommodation submissions, including ADA email communications and NYSCEF-related filings;

2. Communicating with or reporting to Judge Chinea or Housing Court personnel before the December 8, 2025 inquest regarding whether Plaintiffs had requested ADA accommodations through "proper channels" or whether the Clerk's Office had "no record" of such request;

3. Participating in or responding to Plaintiffs' December 11, 2025 communications with Housing Court ADA personnel, including the ADA Designee identified to Plaintiffs as "Miss Parker";

4. Receiving, reviewing, routing, or responding to Plaintiffs' January 7, 2026 request for written ADA procedural guidance;

5. Receiving, reviewing, routing, or responding to Plaintiffs' February 27, 2026 ADA/access submissions;

6. APS personnel, supervisors, or administrators involved in the October–November 2025 APS notices, attempted contacts, assessment efforts, "unable to locate" or ineligibility classification, and any transmission of APS-related information to Housing Court personnel.

Plaintiffs are not seeking broad discovery at this time. Plaintiffs request only limited identification information needed to substitute the proper names for John/Jane Does 1–10 and to effect service if the claims proceed.

Plaintiffs respectfully request that the Court direct the appropriate defense counsel to provide the identifying information within thirty (30) days of the Court's order, and grant Plaintiffs thirty (30) days after receipt of the information to seek leave, if necessary, to substitute the true names of the Doe Defendants.

Respectfully submitted,

Dated: May 25, 2026
New York, New York

/s/ Magdalena Kulisz
MAGDALENA KULISZ
Pro Se Plaintiff


/s/ Shahar Kenan
SHAHAR KENAN
Pro Se Plaintiff

112-16 Astoria Boulevard #624
East Elmhurst, NY 11369
Email: missimmigrantusa@gmail.com
Telephone: No working telephone number at this time

For substantially the reasons put forth in Defendant's letter, *see* ECF No. 87, Plaintiffs' letter-motion is DENIED without prejudice to renewal after the Court's resolution of the Defendants' forthcoming motions to dismiss.  If or when Plaintiffs renew their motion, they should address whether Valentin applies where, as here, a pro se Plaintiff is an attorney.  The Clerk of Court is directed to terminate ECF No. 86.

SO ORDERED.

May 28, 2026

3